**Richard LOWE, Respondent,**

v.

**DEPARTMENT OF SOCIAL SERVICE, DIVISION OF MEDICAL SERVICES, Appellant.**

**No. WD 69057.**

Missouri Court of Appeals, Western District.

Aug. 19, 2008.

Lasandra F. Morrison, Counsel, Ashley Harms, Kansas City, MO, Co-Counsel for Appellant.

Richard Lowe, Kansas City, MO, pro se.

Before: THOMAS H. NEWTON, C.J., LISA WHITE HARDWICK, and ALOK AHUJA, JJ.

THOMAS H. NEWTON, Chief Judge.

The Missouri Department of Social Services, Division of Medical Services (Division) appeals a circuit court judgment reversing the Division's decision to affirm the Department of Health and Senior Services's (DHSS) determination that Mr. Richard Lowe was not eligible for consumer-directed services. The Division asserts its decision was not arbitrary, capricious, and unreasonable because Mr. Lowe did not meet the statutory requirements for eligibility. We affirm the Division's decision.

### Factual and Procedural Background

Mr. Lowe became developmentally disabled as a result of a head injury and is incapable of speaking. Mr. Lowe's mother, Ludie Tate, is his appointed legal guardian. Mr. Lowe was in Missouri's Personal Care Assistance (PCA) program for several years. PCA, under the umbrella of Medicaid, provided funds to physically disabled persons to subsidize the hiring of personal care attendants to assist them with daily living activities in their home. *See Jensen v. Mo. Dep't. of Health and Senior Servs.*, 186 S.W.3d 857, 859 (Mo.App. W.D.2006). In 2002, a state regulation became effective which required that a participant must be able to "direct their own care" in order to be eligible for PCA. 5 CSR § 90–7.100 (2001). Mr. Lowe received a letter stating that he was no longer eligible for the program. After his family appealed, Mr. Lowe was allowed to continue to receive benefits through an Independent Living Waiver (waiver) which "grandfathered" him into the program.

In 2005, the Missouri Legislature enacted a set of legislation replacing the PCA with the Consumer–Directed Services (CDS) program.[1] Management and direction of former PCA cases were transferred to DHSS. DHSS was required to verify the eligibility of current recipients as well as assess eligibility on an annual basis. § 208.906. DHSS reviewed Mr. Lowe's case and determined that he was not eligible for consumer-directed personal care assistance. On September 22, 2006, DHSS issued an Adverse Action Notice discontinuing Mr. Lowe from the program because he was unable to direct his own care. On September 26, Ms. Tate, as Mr. Lowe's guardian, appealed the decision and requested a hearing.

The Division held a hearing on November 7, 2006. DHSS and Ms. Tate presented evidence. Ms. Tate testified that Mr. Lowe could direct his own care by nonverbally indicating his wishes, such as by taking a person into the kitchen when he is hungry. On December 18, 2006, the Division affirmed DHSS's decision to discontinue Mr. Lowe's personal care assistance because he has a legal guardian and, thus, was not a "consumer" eligible for the program. § 208.900.[2]

Mr. Lowe timely appealed the Division's decision to the Circuit Court of Jackson County. On October 3, 2007, the trial court entered a Judgment and Order reversing the Division's decision as arbitrary, capricious, and unreasonable. The Division appeals, arguing that Richard Lowe does not qualify for CDS because he cannot direct his own care and because he has a legal guardian.

## Standard of Review

■ In a contested case, this court reviews the findings and decision of the administrative agency, not the judgment of the circuit court. *Roorda v. City of Arnold,* 142 S.W.3d 786, 789 (Mo.App. W.D. 2004) (quoting *Orion Sec., Inc. v. Bd. of Police Comm'rs of Kansas City,* 90 S.W.3d 157, 163 (Mo.App. W.D.2002)). We determine whether the agency decision was founded on competent and substantial evidence, whether it was arbitrary, capricious, or unreasonable, or whether the agency abused its discretion. *Hermel, Inc. v. State Tax Comm'n,* 564 S.W.2d 888, 894 (Mo. banc 1978). The record is viewed in the light most favorable to the agency, along with all reasonable inferences drawn from the evidence. *Id.* If the decision is supported by substantial and competent evidence, we must affirm. *Roorda,* 142 S.W.3d at 789 (quoting *Orion Sec., Inc.,* 90 S.W.3d. at 163)).

## Legal Analysis

The CDS program and its predecessor were designed to provide assistance for physically disabled individuals who both desire to live independently in their homes and have the capability to assume responsibility for such control. In 2006, the Missouri Legislature mandated that DHSS review all individuals in the program who had been "receiving personal care assistance services on August 28, 2005" for their continued eligibility. § 208.906.1(1). Because Mr. Lowe was receiving personal care assistance prior to August 28, 2005, he was subject to the "re-verification" proceedings.

---

1. S.B. 539, 93d Gen. Assem., Reg. Sess. (Mo. 2005).

2. The decision also found that DHSS did not dispute Mr. Lowe's needs, indicating that he might be eligible for in-home care services under other programs that did not have the self-directed care requirements.

■ Under the 2006 statutory changes, individuals with legal limitations on decision-making are categorically excluded from the CDS program. Eligibility for CDS requires that an individual be a "consumer" as defined by statute. The relevant provision, section 208.900(1), defines "consumer" as "a physically disabled person determined by the department to be eligible to receive personal care assistance services. 'Consumer' does not include any individual with a legal limitation of his or her ability to make decisions, including the appointment of a guardian or conservator. . . ." Mr. Lowe's mother, Ludie Tate, has been his appointed legal guardian since approximately 2002. Thus, Mr. Lowe is not a "consumer" under the new law.

■ Mr. Lowe is also not entitled to assistance under the CDS program because he cannot direct his own care as defined in the statute. Section 208.903(4) states as an eligibility requirement that the person must be "able to direct his or her own care." Section 208.924 authorizes DHSS to discontinue services if a consumer becomes unable to self-direct services. Section 208.909 lays out some of the minimum responsibilities expected of a consumer. The consumer is responsible for hiring, training, and supervision of their personal care attendant; the consumer must prepare and submit time sheets; ensure that reimbursement requests to DHSS fall within the authorized amounts; notify DHSS of changes affecting his or her plan of care; notify the vendor if the attendant's quality of services causes problems.

At the hearing conducted on November 7, 2006, Ms. Tate testified about Mr. Lowe's ability to direct his own care by nonverbally indicating his wishes. Even though Mr. Lowe might be able to live independently, in the sense that he could maintain some control of his life by nonverbally indicating his wishes to a personal assistant, the record does not demonstrate that he is capable of fulfilling the responsibilities of the above activities, such as hiring and supervising his personal care attendant, submitting time sheets, verifying his reimbursement requests, and promptly notifying the DHSS of problems. Thus, Mr. Lowe is unable to self-direct as the statute requires for eligibility.

Finally, the evidence concerning the waiver as applied to Mr. Lowe after he was determined ineligible for the program in 2002 was unclear. The arguments and testimony suggest that Mr. Lowe's waiver addressed the source of funding or scope of services received rather than the program eligibility requirements. Even assuming the regulatory requirement of an ability to self-direct was waived for Mr. Lowe between 2002 and 2006, the Legislature categorically excluded those without legal capacity for decision-making in 2006. § 208.900(1). Thus, the waiver could not have applied to this exclusion.

### Conclusion

For the foregoing reasons, we find the Division's decision that Mr. Lowe was ineligible for CDS services was not arbitrary, capricious, and unreasonable. Affirmed.

LISA WHITE HARDWICK and ALOK AHUJA, JJ. concur.